UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. ROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:25-cv-01232-JMS-CSW |
| | ) |
| TRENT ALLEN, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner James Ross filed a writ of habeas corpus under 28 U.S.C. § 2254, challenging prison disciplinary proceeding ISR-24-07-002121 in which he was found guilty of Offense 207, Possession of Electronic Device, and was sanctioned with the loss of 30 days of good time credit, along with other non-custodial sanctions not relevant to this proceeding. [Filing No. 2; Filing No. 12-3.] He contends that the discipline was imposed in violation of his due process rights. [Filing No. 2.] Defendant has filed a Motion to Dismiss, arguing that Mr. Ross's custodial sanction was vacated, the matter was set for rehearing, and the loss of good time credit was returned, so the Court does not have jurisdiction over the Petition because it is moot. [Filing No. 12; Filing No. 13.] The Court addresses Defendant's Motion to Dismiss below.

**I.**
**FACTUAL BACKGROUND**

On September 6, 2024, Mr. Ross was found guilty of Offense 207, Possession of Electronic Device, and was sanctioned with the loss of 30 days of good time credit, along with other non-custodial sanctions not relevant to his proceeding. [Filing No. 12-3 at 5.] On October 15, 2025, the Indiana Department of Correction ("IDOC") vacated Mr. Ross's guilty finding and associated

sanctions, including the loss of 30 days of good time credit, and designated the matter for a rehearing. [Filing No. 12-1; Filing No. 12-2.]

## II.
### Discussion

In support of the Motion to Dismiss, Defendant argues that Mr. Ross's Petition is moot because "[t]he sanctions affecting the duration of [Mr.] Ross' confinement have been vacated, and the lost time has been returned to [him]." [Filing No. 13 at 3.]

In his response,[1] Mr. Ross acknowledges that his sanctions have been vacated and that the 30 days of good time credit have been restored, but argues that his Petition is not moot because the circumstances here are "capable of repetition, yet evading review." [Filing No. 15 at 5.] He also contends that "[t]he mere fact the IDOC and [the Disciplinary Hearing Board] are trying to retry [him] is nothing more than [an] attempt to take a second bite of the apple they failed to prove in the first instance." [Filing No. 15 at 7.]

Defendant did not file a reply.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d

---

[1] Mr. Ross has filed a Verified Motion for Leave to File Reply Out of Time, in which he requests that the Court allow him to belatedly file his response to Defendant's Motion to Dismiss because he did not receive the Motion to Dismiss and supporting brief until November 7, 2025. [Filing No. 14.] Mr. Ross filed his response to Defendant's Motion to Dismiss, along with several supporting exhibits, contemporaneously with his Verified Motion for Leave to File Reply Out of Time. [Filing No. 15; Filing No. 15-1; Filing No. 16.] The Court **GRANTS** Mr. Ross's Verified Motion for Leave to File Reply Out of Time, [Filing No. 14], to the extent that it considers his response brief and supporting exhibits, [Filing No. 15; Filing No. 15-1; Filing No. 16].

1350, 1350 (7th Cir. 2009). To be "in custody" in the context of a prison disciplinary proceeding, the petitioner must have been deprived of earned credit time, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or demoted in credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A habeas action becomes moot when a federal court's ruling will not change the length of the petitioner's custody. *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Thus, a habeas petition is moot when the once-deprived earned credit time has been restored. *Eichwedel v. Curry*, 700 F.3d 275, 278–81 (7th Cir. 2012); *see also Pilgrim v. Brown*, 2019 WL 13198730, at *1 (7th Cir. Jan. 10, 2019) ("It is undisputed that Pilgrim's good-time credits were fully restored, the disciplinary charge was vacated and dismissed, and no collateral consequences are possible. In short, Pilgrim has already received all the relief he sought in his petition. So the case is moot."). Once an action becomes moot, a federal court must dismiss it for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Mr. Ross acknowledges that his conviction in disciplinary proceeding ISR-24-07-002121 has been vacated, and his 30 days of good time credit has been restored. [Filing No. 15 at 5; *see also* Filing No. 12-1; Filing No. 12-2.] Therefore, the Court has no jurisdiction to consider whether he received adequate due process at his disciplinary hearing. To the extent disciplinary proceeding ISR-24-07-002121 is set for rehearing and Mr. Ross is again convicted and believes that his due process rights were violated during the rehearing, he may file a new habeas petition in a separate case challenging the rehearing after exhausting his administrative appeals following rehearing.

### III.
#### CONCLUSION

For the foregoing reasons, Mr. Ross's Verified Motion for Leave to File Reply Out of Time, [14], is **GRANTED** and Defendant's Motion to Dismiss, [12], is **GRANTED**. This action is

**DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because it is moot. Final Judgment shall enter accordingly.

Date: 1/7/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution to:**

James E. Ross
#268822
Pendleton Correctional Facility
Electronic Service Participant – Court Only